1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| AMANDA SANTILLO, | ) | Case No.: 3:10-cv-02469 AJB (POR) |
|---|---|---|
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST, SECOND, THIRD, FIFTH, AND SIXTH CAUSES OF ACTION |
| v. | ) ) | |
| UNITED STATES OF AMERICA, ERIC NICHOLS CAMARILLO, and DOES 1-10, | ) ) ) ) | |
| Defendants. | ) | |

On December 1, 2010, Plaintiff filed this action against Defendants, the United States of America, Eric Nichols Camarillo, and Does 1 through 10. (Doc. No. 1.) Pending is the United States' Motion to Dismiss Plaintiff's first, second, third, fifth, and sixth causes of action, filed March 25, 2011. (Doc. No. 5.)

### RELEVANT CASE HISTORY

In her Complaint, Plaintiff alleges that Camarillo, a law enforcement officer employed by the United States Bureau of Prisons, raped Plaintiff against her will while she was an inmate at the Federal

Correctional Complex, Victorville.  Plaintiff alleges that she became pregnant and sustained harm as a result of the sexual assault.

Plaintiff brings this case against the USA pursuant to the Federal Tort Claims Act (FTCA) 28 U.S.C. § 1346(b) and against Camarillo pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff alleges six causes of action: (1) Negligence against the USA; (2) Negligent Hiring, Training, Retention and Supervision against the USA; (3) Wrongful Conduct against the USA; (4) Violation of Plaintiff's Eighth Amendment Rights against Camarillo; (5) Violation of California Civil Code Section 52.1 against Camarillo and Does 1-10; and (6) Violation of Gender Motivated Violence Act 42 U.S.C. § 13981 *et seq*. against Camarillo and Does 1-10.

On March 25, Defendant USA filed a motion to dismiss Plaintiff's first, second, third, fifth, and sixth causes of action.  Plaintiff's fourth claim alleging a *Bivens* claim against Camarillo is not addressed in the Defendant's motion.

## **LEGAL STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 129 S.Ct. at 1949. In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

For a Rule 12(b)(6) motion, a court generally cannot consider material outside the complaint. *See Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). A court may, however, consider exhibits submitted with the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F. Supp.2d 1158, 1162 n. 2 (C.D. Cal. 2003). A court may disregard allegations in the complaint if they are contradicted by facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

## ANALYSIS

**A. Plaintiff's FTCA Claims Should be Dismissed for Lack of Subject Matter Jurisdiction**

The United States argues that Plaintiff failed to bring her FTCA claims within the proper time period and, thus, the Court lacks subject matter jurisdiction over her first, second, and third causes of action.

In order to bring a tort claim against the United States under the FTCA, potential plaintiffs must file an administrative claim with the appropriate federal agency pursuant to 28 U.S.C. 2675(a). The administrative claim must be presented to the agency within two years of the claim's accrual. 28 U.S.C. 2401(b). Plaintiff alleges that the rape occurred on January 11, 2008, and she did not file her adminis-

trative claim until March 17, 2010. The United States argues that her FTCA claims should be dismissed for her failure to file within the required two year period.

In her response, Plaintiff acknowledges that more than two years passed between the alleged rape and the filing of her FTCA claim. However, Plaintiff argues that the applicable time period is tolled based on the time between the rape and her release from prison on March 17, 2008. California Code of Civil Procedure 325.1 provides that when a person entitled to bring an action "is, at the time the cause of action accrued, imprisoned on a criminal charge or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."

The FTCA represents a waiver of the sovereign immunity of the United States, and, as such, must be strictly construed. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 94-95 (1990); *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979); *Soriano v. United States*, 352 U.S. 270, 276 (1957). While substantively the FTCA follows state liability law, section 2401(b) unequivocally provides a statute of limitations for FTCA claims in order to "encourage the prompt presentation of claims." *Kubrick*, 444 U.S. at 117. Accordingly, courts look to state law for the purpose of defining the actionable wrong for which the United States shall be liable under the FTCA, but to federal law for the limitations of time within which the action must be brought. *Poindexter v. United States*, 647 F.2d 34, 36 (9th Cir. 1981).

While the statute of limitations for section 1983 and *Bivens* claims is generally the applicable state-law period for personal-injury torts, this is because the civil rights statute governing these claims does not provide a specific statute of limitations. In contrast, section 2401(b) of the FTCA clearly provides that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b). The FTCA statute of limitations governs, "even when the state period of limitations is longer or shorter." *Poindexter*, 647 F.2d at 36. Similarly, because section 2401(b) is considered jurisdictional, the Ninth Circuit has refused to apply principles of equitable tolling to FTCA claims. *Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir. 2009).

Accordingly, California Code of Civil Procedure § 325.1 does not apply and Plaintiff failed to file her action within the two year statute of limitations provided by section 2401(b) of the FTCA. Thus,

the Court grants Defendants' Motion to Dismiss with regard to Plaintiff's first, second, and third causes of action and dismisses these claims with prejudice.

**B. Plaintiff's Fifth Cause of Action Must Be Dismissed for Lack of Subject Matter Jurisdiction**

Plaintiff's fifth cause of action alleges violations of section 52.1 of the California Civil Code against Defendant Camarillo and Does 1-10.  The United States contends Plaintiff's fifth cause of action should be dismissed for lack of subject matter jurisdiction because it falls within the scope of the FTCA and thus is untimely under the FTCA's two year statute of limitations.  Plaintiff does not dispute that the claims in her fifth cause of action are governed by the FTCA.

California Civil Code § 52.1 provides that if a person interferes, or attempts to interfere, by threats, intimidation, or coercion with the exercise or enjoyment of the constitutional or statutory rights of any individual, the individual may sue for damages independently of any other action that is available.  *See Xue Lu v. Powell*, 621 F.3d 944, 950 (9th Cir. 2010) (citing Cal. Civil Code § 52.1(a)-(b); *Stamps v. Superior Court*, 136 Cal. App.4th 1441, 39 Cal. Rptr. 3d 706, 707-08 (2006)).  Section 52.1 claims fall within the scope of the FTCA as recognized by the Ninth Circuit in *Xue Lu v. Powell*.  621 F.3d 944, 949-50 (9th Cir. 2010).  As a result, Plaintiff's fifth cause of action suffers the same deficiency as her first, second and third.  Therefore, Plaintiff's section 52.1 claim is dismissed with prejudice for failure to file within the FTCA's two year statute of limitations.[1]  California Civil Procedure § 325.1 does not apply for the reasons already explained by the Court.

**C. Plaintiff's Sixth Claim for Relief under the VAWA Should Be Dismissed**

The United States argues that Plaintiff's Sixth Cause of Action should be dismissed inasmuch as the United States Supreme Court found the civil remedy provision in the VAWA unconstitutional as an invalid exercise of federal power under the Commerce Clause in *United States v. Morrison*, 529 U.S. 598, 619, 627 (2000).  In that case, the Supreme Court affirmed the dismissal of civil claims brought

---

[1] Additionally, the United States argues that Plaintiff's fifth cause of action cannot be alleged against Defendant Camarillo in his individual capacity inasmuch as the United States is the only proper defendant in an FTCA action. As previously noted, Plaintiff does not dispute that her Fifth Cause of Action is governed by the FTCA. Rather, she seeks leave to amend the complaint in order to reassert her claim as against the United States. The proposed amendment would not remedy Plaintiff's failure to file within two years of her claim's accrual as discussed above. Having dismissed Plaintiff's Fifth Cause of Action for failing to comply with the FTCA's statute of limitations, the Court denies Plaintiff's request for leave to amend her complaint as moot.

1  under section 13981.  Plaintiff makes no response to the United States' argument regarding her Sixth
2  Cause of Action.
3        Having reviewed *United States v. Morrison*, the Court agrees with the United States.  In
4  *Morrison,* the civil remedy provision of the VAWA was found unconstitutional.  Accordingly, Plain-
5  tiff's Sixth Claim for Relief is dismissed with prejudice.

## CONCLUSION

9        Based on the foregoing, the Court GRANTS the United States' Motion to Dismiss.  (Doc. No. 5.)
10  Accordingly, it is ORDERED that Plaintiff's first, second, third, fifth, and sixth causes of action be, and
11  hereby are, DISMISSED WITH PREJUDICE, as any further amendment at this point would be futile..
12        IT IS SO ORDERED.

14  DATED:  July 13, 2011

                                          Hon. Anthony J. Battaglia
                                          U.S. District Judge